**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TRACY LAMARK KING,

      Defendant-Appellant.

No. 13-3164
(D.C. No. 6:12-CR-10197-MLB-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **EBEL**, and **PHILLIPS**, Circuit Judges.

Tracy Lamark King pleaded guilty, pursuant to a plea agreement, to one count of knowingly possessing with intent to distribute fifty or more grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 188 months of imprisonment, at the low end of the guidelines range of 188 to 235 months. Under the terms of the plea agreement, Mr. King

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waived his right to appeal his conviction and his sentence if it did not depart upwards from the guidelines range. Despite the waiver, he filed a notice of appeal, and he seeks to challenge his sentence.

The government moves, pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), to enforce the plea agreement and to dismiss the appeal. In evaluating an appeal waiver, *Hahn* directs us to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Mr. King, through counsel, agrees with the government that the motion to enforce may be granted and the appeal may be dismissed. Counsel admits that the appeal is within the scope of the appeal waiver, Mr. King knowingly and voluntarily waived his right to appeal, and nothing in the record indicates the district court relied on an impermissible sentencing factor. Counsel states, however, that it is unclear whether Mr. King claims that counsel provided ineffective assistance in negotiating the plea agreement or with respect to the government's failure to file a motion under U.S.S.G. § 5K1.1 for departure from the guidelines for substantial assistance. *See* Resp. at 1.

Upon our independent review of the parties' filings, the plea agreement, the transcript of the plea hearing, and the transcript of the sentencing hearing, we conclude that Mr. King waived his right to bring this appeal. To the extent he may

seek to challenge his counsel's effectiveness in negotiating the plea agreement, he should do so in a 28 U.S.C. § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, we grant the government's motion to enforce the plea agreement, and we dismiss this appeal. Finally, although we note Mr. King has not yet filed a completed application to proceed *in forma pauperis*, based on our review of the CJA 23 form on file in the district court and the financial information contained in the Presentence Report, we sua sponte grant *ifp* status for this proceeding.

Entered for the Court
Per Curiam
